NO.7655.

EDWIN VIRGIN

VS

EMILE PORKERT.

STATE OF LOUISIANA.

COURT OF APPEAL

PARISH OF ORLEANS.

St. Paul, Judge.

Plaintiff was injured whilst in defendant's employ and recovered judgment for six months compensation. The injury still continuing plaintiff then sued again for an additional six months compensation.

Defendant pleads prescription under section 31 of the Employer's liability Act (No. 20 of 1914) which in effect provides that claims for compensation shall be barred unlesssued for within one year after the accident (or death) or from the time when a payment was last made on account thereof.

As the additional claim was filed more than a year after the accident but within a year after defendant paid the judgment against him the question is whether a payment must be purely _voluntary_ in order to interrupt prescription under section 31 of said act.

The trial judge thought not, and we agree with him.

Section 31 must be read in connection with section 20, which in effect provides that no agreement between the parties or judgment of court can remain final for more than one year _quoad_ the extent of the injury or the amount of compensation due; which latter may be _increased_ as well as diminished should the occasion warrant doing so.

Under the circumstances it is clear that the prescription of one year cannot _as to said increase_ begin from the time of the accident; from which it follows that the prescription must in such case begin only from the time when the last ######## payment was made.

But such payments are _never_ voluntary, in as much as under sections 17 and 18 they must always be made pursuant to some judgment of Court; for even the agreements between the parties must be reduced to the form and substance of Judgments of Court.

Now in the case before us, whatever be the form in which this claim may originally have been made, it is in substance and effect nothing more than a proceeding under section 20 of the act to have the amount of the compensation increased in accordance with the terms of that section, and was properly referred to and passed upon by the judge who rendered the first judgment.

The plea of prescription herein filed is not well founded, and that is the only defense set up.

Judgment Affirmed.